**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

In re
HOMELOAN.COM, INC.,

        Debtor.

HOMELOAN.COM, INC.,

        Plaintiff,

v.                                                                                                        Misc.  No. 05-21 JH

WILLIAM LOUGHBOROUGH
and PHILIP R. DOEPFNER,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        This matter comes before the Court on the *Proposed Findings of Fact and Conclusions of Law and Memorandum Opinion on Defendant Phillip R. Doepfner's Motion to Dismiss Debtor's Amended and Restated Complaint as to Claim for Breach of Contract for Failure to State a Claim Upon Which Relief Can Be Granted* [Doc. No. 1], which were filed by Bankruptcy Judge James Starzynski on April 15, 2005 in proceeding No. 02-1244-S.  In accordance with Rule 9033 of the Federal Rules of Bankruptcy Procedure, the parties had ten days in which to file objections to Judge Starzynski's proposed findings and conclusions.  No party has done so.

        The issues presently before the Court are whether the bankruptcy court has jurisdiction over Plaintiff's claim for breach of contract, and whether or not to adopt the bankruptcy court's proposed findings and conclusions regarding Defendant Doepfner's motion to dismiss.  After reviewing the relevant law, the Court concludes that the bankruptcy court does have subject matter jurisdiction, and

that it will adopt the bankruptcy court's proposed findings and conclusions.

## **DISCUSSION**

**I.       Jurisdiction Over Count III (Breach of Contract)**

Bankruptcy Court jurisdiction is established by 28 U.S.C. § 1334, which lists four types of matters over which the district court has bankruptcy jurisdiction: 1) cases "under" Title 11 of the United States Code (which are the bankruptcy cases themselves, initiated by the filing of a Chapter 7, Chapter 11, etc. petition), 2) proceedings "arising under" Title 11 (such as a preference recovery action under §547), 3) proceedings "arising in" a case under Title 11 (such as plan confirmation), and 4) proceedings "related to" a case under Title 11 (such as a collection action against a third party for a pre-petition debt). *Wood v. Wood (In re Wood)*, 825 F.2d 90, 92 (5th Cir. 1987). In the District of New Mexico, all four types have been referred to the bankruptcy court. *See* 28 U.S.C. § 157(a); Administrative Order, Misc. No. 84-0324 (D. N.M. March 19, 1992).

Jurisdiction is then further broken down by 28 U.S.C. § 157, which grants full judicial power to bankruptcy courts not only over cases "under" Title 11 but also over "core" proceedings, §157(b)(1), but grants only limited judicial power over "related" or "non-core" proceedings, §157(c)(1). *Wood*, 825 F.2d at 91; *Personette v. Kennedy (In re Midgard Corporation)*, 204 B.R. 764, 771 (10th Cir. B.A.P. 1997).

"Core" proceedings are matters "arising under" and "arising in" cases under Title 11. *Wood*, 825 F.2d at 96; *Midgard*, 204 B.R. at 771. Matters "arise under" Title 11 if they involve a cause of action created or determined by a statutory provision of Title 11. *Wood*, 825 F.2d at 96; *Midgard*, 204 B.R. at 771. Matters "arise in" a bankruptcy if they concern the administration of the bankruptcy case and have no existence outside of the bankruptcy. *Wood*, 825 F.2d at 97; *Midgard*, 204 B.R. at

771. By contrast, "non-core" proceedings are those that do not depend on the bankruptcy laws for their existence and that could proceed in another court even in the absence of bankruptcy. *Wood*, 825 F.2d at 96; *Midgard*, 204 B.R. at 771. Bankruptcy courts have jurisdiction over non-core proceedings if they are at least "related to" a case under Title 11. 28 U.S.C. § 157(c)(1)("A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.").

Plaintiff's claim for breach of contract is not listed among the examples of core proceedings by 28 U.S.C. § 157(b)(2). In addition, this theory of recovery is not based upon 11 U.S.C. and therefore does not "arise under" Title 11. Rather, this claim exists independently of the debtor's bankruptcy case and therefore does not "arise in" a case under Title 11. However, the claim is "related to" a case under Title 11 because it is a cause of action owned by the debtor which became property of the estate under 11 U.S.C. § 5415. *See Celotex Corporation*, 514 U.S. at 307 n.5. Furthermore, the breach of contract claim seeks to liquidate assets of the debtor for administration in the estate, and success on this claim will increase the assets available to creditors of the estate. Accordingly, the Court finds that the breach of contract claim is a non-core proceeding that is related to the underlying bankruptcy action, and that the bankruptcy court does have subject matter jurisdiction.

**II.     Motion to Dismiss Count III (Breach of Contract)**

The standard of review in bankruptcy proceedings is governed by 28 U.S.C. § 157(c)(1) and Federal Bankruptcy Rule 9033. Rule 9033 states in relevant part:

> The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written

>objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

Fed. Bank. R. 9033(d); *see also* 28 U.S.C. § 157(c)(1) ("the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected"). Thus, the Court applies a *de novo* standard of review to the Proposed Findings of Fact and Conclusions of Law.

After conducting the required de novo review, the Court concludes that it should adopt the findings and conclusions proposed by the bankruptcy court. For the same reasons set forth by the bankruptcy court, the Court agrees that under Texas law, Plaintiff has properly pled a claim for breach of contract such that the cause of action should not be dismissed for failure to state a claim. The motion to dismiss will be denied.

**IT IS THEREFORE ORDERED** that:

(1)  The bankruptcy court's proposed findings of fact and conclusions of law are hereby **ADOPTED**;

(2)  Defendant's motion to dismiss is **DENIED**; and

(3)  this matter is **REMANDED** to the bankruptcy court for further proceedings.

_____
UNITED STATES DISTRICT JUDGE